Circuit Court of Cuyahoga County.

JAMES R. SPRANKLE v. ARTHUR ODELL ET AL.[*]

Decided, February 18, 1907.

*Probate Law—Exceptions May be Taken to Appraisement.*

An appraisal where one is made, is an essential part of an inventory filed by an executor or administrator, and under the provisions of Section 6024, Revised Statutes, exceptions may be taken to that, as well as to any other part of the inventory.

*J. J. Hogan* and *Goulder, Holding & Masten,* for plaintiff in error.

*Squire, Sanders & Dempsey, Wallace I. Knight* and *Walter C. Ong,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

James Sprankle died in this county in 1904, leaving a will in which James R. Sprankle, Jr., was named as executor. Letters testamentary were issued to the executor so named, without bond; the will provides that no bond need be given. Appraisers

---

*Affirmed without opinion, *Sprankle* v. *Sprankle,* 78 Ohio State, 404.

of the estate were appointed in pursuance of the statute, and an inventory including an appraisal made by such appraisers, was filed in the probate court, by said executor. Later this executor resigned his said trust, and the defendant in error, Arthur Odell, was appointed administrator *de bonis non* with the will annexed of the estate of the testator. Still later, to-wit, on the 15th day of May, 1905, James R. Sprankle, Jr., who had been executor of the will, and who was a legatee and devisee under such will, filed in the probate court a paper writing designated "Exceptions to Inventory," which writing reads as follows:

"In the Probate Court of Cuyahoga County, Ohio.

"No. —— In Re Estate of James R. Sprankle, Deceased. Exceptions to Inventory.

"Now comes James R. Sprankle, Jr., and represents to this honorable court that he is the son of James R. Sprankle, deceased, and one of his heirs and a legatee under his will in this court, and files this his exception to the inventory of the estate of James R. Sprankle, deceased, filed in this court on or about the 2d day of March, 1905, and says that the appraisement of the personal property of said estate was made on or about September 3, 1904, by appraisers appointed by this court, who proceeded to appraise the personal property of said decedent in compliance with law; that before the time of said appraisement, this exceptor and Angela M. Sprankle, the widow of said deceased, agreed that said personal property should be appraised very low, and represented to the appraisers that they had made said agreement, and that with the exception of a daughter of said deceased they were the only persons interested in said estate, whereupon said appraisers made appraisement of said property and gave heed to the request of said two persons, and your exceptor represents that said personal property was appraised very low, and much below the actual value thereof. Your exceptor further represents that since said time, as he understands and believes, the said Angela M. Sprankle has concluded not to take under said will.

"Your petitioner further represents that if said appraisement be allowed to stand, that it will be a great loss to said real estate and to the legatees mentioned in said will and the heirs of said decedent.

"Wherefore, your petitioner and exceptor prays that the appraisers since appointed by this court be directed to appraise all of the personal property of said estate, and to file an inventory containing the appraisement of all the personal prop-

erty, and that the court make such further order with regard to the appraisement of the personal property of said decedent as the facts and law require.

"JAMES R. SPRANKLE, JR.,
"By GOULDER, HOLDING & MASTEN,
"His Attorneys."

These exceptions were, as will be seen, exceptions to the appraisement contained in the inventory filed by the exceptor while he was acting as executor. Proper notice was given to the parties interested in the estate, including the administrator *de bonis non;* on the 26th day of August, 1905, these exceptions were heard in the probate court, and sustained as to the appraisal of some of the items of the inventory, and overruled as to others. From the judgment and order of the probate court made upon these exceptions, the exceptor did all things necessary to perfect an appeal to the court of common pleas, providing the probate court had jurisdiction to hear and determine such exceptions. Such appeal is provided for in the section which provides for the filing of exceptions to the inventory, viz., Section 6024, Revised Statutes, which reads:

"At any time within one year after the return of an inventory any person interested in the estate may file exceptions to the inventory; and thereupon, the court shall set a day for the hearing thereof, and cause written notice of such filing and of the time so fixed for the hearing to be given to the executor or administrator not less than five days before the time so fixed for the hearing; and for good cause the hearing may be continued for such time as the court shall deem reasonable; and at the hearing the executor or administrator, and any witnesses subpoenaed by either party may be examined under oath, and the court shall enter its findings on the journal and tax the costs as may be equitable; and on appeal may be taken to the court of common pleas, by either party, from the finding, order, judgment or decision of the probate court on the hearing of said exceptions to the inventory, as in other cases."

In the court of common pleas a motion was made to dismiss this appeal, and this motion was sustained. The action of the court in sustaining this motion is complained of in this proceeding in error, and it is that order of dismissal, and no other, which is here for consideration.

The court was right in sustaining this motion, if the probate court was without jurisdiction to hear the exceptions; otherwise the order of dismissal was erroneous. As will be seen by the reading of Section 6024, Revised Statutes, "any person interested in the estate may file exceptions to the inventory" and on the part of the plaintiff in error it is urged that this included all that by law is required to be contained in the inventory. While on the other hand the contention is that the appraisal of the property is not a part of the inventory in such sense that exceptions may be taken to such appraisal.

It will be noticed that the exceptions filed complain only of the appraisal. By Section 6023, Revised Statutes, it is provided that the word "inventory" in this chapter shall include an appraisement. It is said that this part of Section 6023 was enacted after the enactment of Section 6024, but, it is provided by Section 6025, that:

"If the court at the time of granting letters testamentary or letters of administration shall think fit, it may order the executor or administrator to also include in the inventory an appraisement of all the real estate of the deceased."

Section 6031, Revised Statutes, provides:

"The executor or administrator shall, with the aid of the appraisers, if an appraisement is made, make the inventory herein directed."

This language clearly implies that the appraisement is a part of the inventory.

Again in Section 6035, Revised Statutes, it is provided that the inventory shall contain a particular statement of all bonds, etc., belonging to the deceased, and the sum which, in the judgment of the appraisers can be collected on each claim, so that it would seem from this section that the Legislature understood the appraisement to be a part of the inventory and similar provision is made in Section 6036:

"The appraisers shall not include in the inventory the provisions, property or money set off and allowed by them to the widow or children, but the same shall be stated in a separate schedule signed by them and returned with the inventory, to the court by the executor."

Section 6044 provides that:

"Upon the completion of the inventory it shall be signed by the appraisers and a copy thereof shall be retained by the executor or administrator, and he shall return the original to the probate court."

We think it clear from these several provisions, that the appraisement, where one is made, is an essential part of the inventory, and that exceptions may be made to that part of the inventory as well as to any other part of it, and so the exceptions filed in this case are properly denominated "Exceptions to the inventory" and come within the provisions of Section 6024, Revised Statutes, unless it be as urged by counsel for the defendant in error, that because of the language used in the writing denominated "exceptions to the inventory," it is not in any proper sense an exception.

In the argument of the case to us it was urged that the exceptor ought not to have been heard, because of the inconsistency of his filing exceptions to the inventory which had been filed by himself as executor, and that no proper reason was in these so-called exceptions for a correction of the appraisal. It is said in the so-called exceptions that the appraisal was too low, because of suggestions made by the widow of the deceased and by the executor himself that it was desired that the property should be appraised low. However weighty this contention may be, it does not come to the question of the jurisdiction of the probate court to pass upon the exceptions.

Jurisdiction as defined in Anderson's Law Dictionary, is the power "to hear and determine a cause." And, in the case of *Rhode Island* v. *Massachusetts*, 12th Peters, 657, this definition is given in the syllabus:

"Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to a suit."

When this writing was filed with the probate court, that court was given power to hear and determine whether the exceptions were well taken, and indeed power to hear and determine whether if all what was stated in the exceptions as shown to be true it would invalidate any part of the appraisement. The

moment the court was clothed with power to determine these questions it was clothed with jurisdiction, it would have power under Section 6024, "to enter the findings on the journal and tax the costs as may be equitable," and when such order was made, whatever it was, a party interested was entitled to appeal to the court of common pleas.

From this it follows that the order of dismissal of appeal made by the last named court was erroneous, and that judgment is reversed, and the case remanded for further proceedings to that court.